THOMPSON, Presiding Judge,
dissenting.
I disagree with the main opinion’s determination that E.W. (“the father”) failed to raise before the juvenile court the issue of whether the juvenile court erred in closing this case without first conducting an evi-dentiary dispositional hearing. After the juvenile court entered its order closing the matter to further court review, the father timely filed a postjudgment motion assert *968 ing that the closing of the matter was premature. In his postjudgment motion, the father pointed out that the child whose custody was at issue in this case had not been reunified with the parents and that closing the matter was not in the child’s best interest. In the one-page post-judgment motion, the father twice requested an “immediate hearing.” The juvenile court did not rule on the motion, and it was deemed denied as a matter of law. Rule 1(B), Ala. R. Juv. P. I believe that the father sufficiently raised the issue of whether the juvenile court prematurely closed the case.
Moreover, the rules of appellate procedure do not allow for a “reconsideration” of the denial of a postjudgment motion. Because the father did not have a mechanism to challenge the juvenile court’s denial of his request for a hearing on that issue, he should not now be penalized for his “failure” to raise the matter in the court below. The father’s failure to specifically mention § 12-15-311, Ala.Code 1975, in his postjudgment motion does not lead me to conclude that he failed to preserve the issue regarding the juvenile court’s failure to hold a hearing. Accordingly, I believe that the father’s appeal is entitled to be addressed on the merits. Therefore, I respectfully dissent.